IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-03681-CYC

EDWARD NKUGWA KIRONDE NALWAMBA,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Facility, Aurora, Colorado,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
DAVID VENTURELLA, Acting Director of Immigration and Customs Enforcement, and
TODD BLANCHE, Acting Attorney General,

Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge**.

Petitioner Edward Nkugwa Kironde Nalwamba, a detainee at the ICE Contract Detention Facility in this District, applies for a writ of habeas corpus, contending his continued detention violates statute and the Constitution. ECF No. 1 at 2; ECF No. 21 at 2–5. He has been detained since September 18, 2025 pursuant to 8 U.S.C. § 1231. The respondents represented months ago that the petitioner's removal was only seven days away. They represented to this Court a month ago that it was imminent. There is still no concrete plan to remove him. As such, the application is **GRANTED**, and the petitioner is to be released immediately.

**BACKGROUND**

Nalwamba is a citizen of Uganda who has lived in the United States since his entry in January 2002. ECF No. 1 ¶¶ 23–24. A long procedural history accompanies this Petition. The petitioner's original asylum application was denied in March 2007, and his appeal was denied in April 2010. *Id.* ¶ 28; ECF No. 20-1 ¶ 11, 15. In November 2010, the petitioner was arrested by

Immigration and Customs Enforcement ("ICE") but released under supervision after eight and a half months. ECF No. 1 ¶ 29; ECF No. 20-1 ¶¶ 16, 25. On September 18, 2025, the petitioner was again arrested by ICE and has been detained under 8 U.S.C. § 1231 since. ECF No. 1 ¶ 32; ECF No. 20-1 ¶¶ 27–29. He filed a prior petition for a writ of habeas corpus in this district on April 29, 2026. Petition for Writ of Habeas Corpus, *Nalwamba v. Baltazar*, 26-cv-01829-SBP (D. Colo. Apr. 29, 2026), ECF No. 1. Magistrate Judge Prose denied that petition without prejudice on June 23, 2026, finding that the respondents had shown some evidence of the petitioner's imminent removal because "Petitioner's departure from the United States is slated to be accomplished by means of a commercial flight within seven days of the date of issuance of this order—a process unhindered by the necessity to obtain formal travel documents." *Nalwamba v. Baltazar*, No. 1:26-CV-01829-SBP, 2026 WL 1810155, at *5 (D. Colo. June 23, 2026). Nearly four months have passed since Judge Prose's order. *Id.* at *1.

During that time, the petitioner filed a new application for writ of habeas corpus before this Court. ECF No. 1. The Court issued an Order to Show Cause, ordering the respondents not to remove the petitioner from the District of Colorado or the United States. ECF No. 5 at 2. The parties consented to magistrate-judge jurisdiction for all purposes. ECF No. 8. On the respondents' motion stating that ICE was prepared to effectuate the petitioner's removal but for the Court's order prohibiting it, *see* ECF No. 9 at 1, 5, the Court modified that order on September 15, 2026 to allow the petitioner's removal only "pursuant to a final order of removal." ECF No. 17 at 2.

At the September 15, 2026 hearing on the respondents' motion, counsel for the respondents stated that he had "been informed by ICE . . . that removal can happen imminently to Uganda but for the Court's stay of removal and the do-not-remove order." Oral Argument

Rec. 9:11:57 – 9:12:07. Counsel indicated further that "the only reason none of these processes [of removal] have occurred is because of the Court's Order." *Id.* 9:13:33 – 9:13:39.

A month has now passed. The respondents have not removed him but have since responded by arguing that his continued detention and their inability to remove him is due to his own failure to cooperate. *See* ECF No. 20-1 ¶¶ 35–38, 43. The petitioner refutes that argument in a reply and in a motion for temporary restraining order. ECF Nos. 21, 22.

**DISCUSSION**

Habeas corpus relief is warranted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). The removal period begins on the latest of the following dates:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court' s final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). As a constitutional matter, though, detention of an alien

subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Still, "[t]his 6–month presumption, of course, does not mean that every alien not removed must be released after six months." *Id.* The detention can continue unless there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.*

The petitioner's current period of post-removal-order detention, commencing September 18, 2025, exceeds the presumptively reasonable six months. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Under this standard, the petitioner is not required to "show the absence of *any* prospect of removal – no matter how unlikely or unforeseeable." *Id.* at 702. Rather, he must simply show that removal is "not significantly likely in the reasonably foreseeable future." *Id.* Almost four months have passed since ICE purportedly first scheduled the petitioner for removal. *See* ECF No. 20-1 ¶ 35. While the respondents list additional dates the petitioner was scheduled for removal and state that efforts to remove him are ongoing, *see id.* ¶¶ 37–39, 43, the petitioner meets his initial burden here. *See, e.g.*, *Wolde v. Baltazar*, No. 1:26-CV-01615-RMR, 2026 WL 1622891, at *3 (D. Colo. June 5, 2026) (finding petitioner's burden met where respondents had only shown his removal to be possible and claimed he was not cooperating); *Fadwa v. Lyons*, No. 25-CV-03660-PAB, 2025 WL 3525026, at *6 (D. Colo. Dec. 9, 2025) (collecting cases where petitioner's burden was met "when the government has not offered evidence that there is progress towards removal").

The burden therefore shifts to the respondents to "respond with evidence sufficient to rebut [the petitioner's] showing." *Zadvydas*, 533 U.S. at 701. While the respondents claim "ICE

is working on scheduling a government charter flight to Uganda and will manifest Petitioner on the flight," ECF No. 20-1 ¶ 43, they present no evidence showing their ability to do so in the reasonably foreseeable future. They seek to justify continued detention by arguing that the petitioner has refused to cooperate with ICE's efforts remove him on a commercial flight to Uganda but that at some unspecified time, "a government charter will allow ICE to safely remove Petitioner to Uganda." *Id.*

Federal regulations do provide that "[r]elease will be denied and the alien may remain in detention if the alien fails or refuses to make timely application in good faith for travel documents necessary to the alien's departure or conspires or acts to prevent the alien's removal." 8 C.F.R. § 241.4(g)(5)(i). And ICE served the petitioner with a Notice of Failure to Comply on July 2, 2026, notifying him that he would remain in custody until he cooperated. ECF No. 1-1 at 12–13; ECF No. 20-1 ¶ 36. But the petitioner's account is that he was pushed to sign a document that he was not permitted to review, and he refused. ECF No. 1-1 at 9–10.

It is not clear that the petitioner refused to cooperate with a proper process or that his cooperation would even be required for removal. The respondents concede that a physical travel document is not necessary for removal to Uganda. ECF No. 20-1 ¶ 34. And they suggest that the petitioner could be removed at any time on a charter flight regardless of his cooperation. *See id.* ¶ 43. The respondents have not shown that the petitioner's refusal to cooperate justifies his continued detention.

The respondents' burden to show a significant likelihood of removal in the reasonably foreseeable future has also not been met. "Generalized assertions that the Government is 'working on' removal do not satisfy [the respondents'] burden under *Zadvydas*." *Horbenko v. Castro*, No. 25-cv-0764 WJ/DLM, 2026 WL 381867, at *5 (D.N.M. Feb. 11, 2026), *report and*

*recommendation adopted*, 2026 WL 702459 (D.N.M. Mar. 12, 2026). That is, "*Zadvydas* rejected the proposition that continued detention is permissible 'as long as good faith efforts to effectuate . . . deportation continue.'" *Santacruz Macias v. Baltazar*, No. 26-CV-01046-SKC, 2026 WL 865174, at *4 (D. Colo. Mar. 30, 2026) (quoting *Zadvydas*, 533 U.S. at 702). "Instead, the government must make legitimate progress towards removal." *Id.* (citing *Hassoun v. Sessions*, No. 18-cv-586-FPG, 2019 WL 78984, at *5 (W.D.N.Y. Jan. 2, 2019)).

They have not done so here. To Judge Prose, the respondents provided "sworn testimony from ICE officials, bolstered by the representation of an Assistant United States Attorney, that Petitioner's departure from the United States is slated to be accomplished by means of a commercial flight within seven days of the date of issuance of this order—a process unhindered by the necessity to obtain formal travel documents." *Nalwamba*, 2026 WL 1810155, at *5. Judge Prose warned that "[i]f, contrary to the representations to which the government has attested before this court, Petitioner is not removed from the United States at the anticipated time and remains detained, his detention may ripen into a meritorious habeas petition." *Id.* at *6 n.7. Notwithstanding that warning, roughly three months later, there was no removal. A month ago, the respondents told this Court that the petitioner could be removed "imminently" but for its Order prohibiting moving the petitioner outside the District of Colorado. Today, there is still no removal. There is not even a concrete plan for one. Instead, the respondents present a declaration that "ICE is working on scheduling" the charter flight that it had previously said was imminent. ECF No. 20-1 ¶ 43. That will not do.

"[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. At some point, the respondents must be held to their representations. After nearly thirteen months of detaining

the petitioner, that point has come. Given that the foretold imminent removal of the petitioner has now become a possible removal at some point in the future, the respondents have not satisfied their burden.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**.

It is further **ORDERED** that the petitioner shall be released from custody on or before **October 20, 2026**.

It is further **ORDERED** that the petitioner's Emergency Motion for Temporary Restraining Order, ECF No. 22, is **DENIED as moot**.

The Clerk of the Court is directed to enter judgment and close this case.

DATED this 19th day of October, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge